# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2740

_____

Michael T. Risinger,

        Appellant,

v.

Michael J. Astrue,
Commissioner, Social Security
Administration,

        Appellee.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the Western
\*   District of Missouri.
\*
\*   [UNPUBLISHED]
\*
\*
\*
\*

_____

Submitted: March 10, 2008
Filed: March 28, 2008

_____

Before RILEY, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

After a hearing, an administrative law judge (ALJ) denied Michael T. Risinger's application for disability insurance benefits, finding that the Commissioner of Social Security properly found, at step four of the social security sequential analysis, 20 C.F.R. §§ 404.1520(a)-(f), that Risinger had the residual functional

capacity to perform his past relevant work as a fast food worker. The Appeals Council denied further review, and the district court[1] affirmed the denial of benefits.

After carefully reviewing the administrative record and the parties' briefs, Hepp v. Astrue, 511 F.3d 798, 806 (8th Cir. 2008) (de novo standard of review), we agree with the district court's affirmance of the Commissioner's decision. The record reflects that Risinger's treating physician, Dr. Barton, gave two conflicting opinions about Risinger's physical abilities within the same document. Neither of Dr. Barton's conclusory opinions as to Risinger's physical abilities were supported by objective medical evidence. Risinger's description of his activities of daily living in his testimony before the ALJ, as well as his reports to other physicians, belie the level of restriction Dr. Barton's opinions place on Risinger. None of the other physicians who examined Risinger, at the request of either the Commissioner or Dr. Barton, found it necessary to so severely restrict Risinger's activities. The ALJ acknowledged Dr. Barton's opinions; however, the ALJ did not abuse his discretion in discounting these opinions in light of the inconsistent evidence of record. The ALJ correctly discounted the opinion of the treating physician. Samons v. Astrue, 497 F.3d 813, 819 (8th Cir. 2007) (ALJ is entitled to discount the opinion of treating physician when the opinion is conclusory or inconsistent with the evidence of record). Further, we find the district court properly concluded that the Commissioner's denial of Risinger's application for

disability benefits was supported by substantial evidence. Flynn v. Astrue, 513 F.3d 788, 792 (8th Cir. 2008) (Social Security Commissioner's denial of benefits must be supported by substantial evidence based on the record as a whole).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____

---

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.